When triers are appointed, it does not follow that they must determine all exceptions to persons offered as jurymen. It is only in cases of challenges for favor, and where the Court may be in doubt, whether partiality does exist or not, that references to triers are made. The person may be sworn on hisvoir dire, and he may be asked any question, not tending to infamy or disgrace which may elucidate the question, whether he stands indifferent between the parties; as whether he feels indifferent himself; whether he has an interest in the event; whether he has given an opinion beforehand: but not whether he has formed an opinion, for such is the nature of the human mind that it cannot remain in perfect suspense. The best men hearing of any transaction in society will unavoidably receive some impression but still may stand indifferent between the parties, as it respects the investigation and determination of the cause. But when the relation of a transaction so interests the mind as to enable it to retain a recollection of its circumstances, so as to give an opinion, we cannot well presume a perfect indifference. Giving an opinion is a proof of a strong impression having been made, which is certainly improper in a juryman.[1]
Another question of practice arose where there are several issue of fact in equity; Whether a jury can find one issue and disagree as to the other; and whether the Court will receive the finding upon one issue and discharge the jury as to the other.
[1] 3 Bac. 765, 5th ed.; Co. Lit. 155; 2 Roll. 363; 2 H. H. P. C. 275; Trials per pais, 158; Salk. 153, pl. 3; 1 Johns. 316.